UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZEON JOHNSON,<br><br>Defendant | Criminal No. 22cr10097<br><br>Violation:<br><br>Count One: Theft of Government Money (18 U.S.C. § 641)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1. Defendant, ZEON JOHNSON ("JOHNSON"), was a resident of Saugus, Massachusetts.

2. Starting in approximately August 2018, JOHNSON worked as a Sales and Service Distribution Associate for the United States Postal Service ("USPS") at the Marblehead Post Office. In connection with his employment by the USPS, JOHNSON sold stamps to USPS customers and processed USPS money transactions for USPS customers (*e.g.*, issuing USPS money orders to money order purchasers and cashing out USPS money orders for money order recipients).

3. From approximately July 2019 through June 18, 2020, JOHNSON engaged in the practice of unlawfully and knowingly converting USPS funds for personal use through two schemes, one involving stamps and one involving USPS money orders.

1

4.   As part of the stamp scheme, JOHNSON intentionally voided cash transaction sales of USPS stamps to customers so that the system would not account for cash funds paid by customers for stamps. JOHNSON would then steal the cash that customers paid for the stamps sales. JOHNSON kept the funds obtained in this manner for his own personal use.

5.   As part of the money order scheme, JOHNSON converted USPS money orders to his own personal use through various means. These included issuing USPS money orders that were payable to himself, issuing himself blank USPS money orders, and issuing himself USPS money order refunds, among other means. Again, JOHNSON kept the funds obtained from the USPS money order scheme for his own personal use.

6.   Over the course of his schemes, JOHNSON stole at least approximately $18,260.72 using the methods and means described above.

## COUNT ONE
### Theft of Government Money
### (18 U.S.C. § 641)

The Grand Jury charges:

7. The Grand Jury re-alleges and incorporates by reference paragraphs 1-6 of this Indictment.

8. From on or about July 1, 2019 through on or about June 18, 2020, in Marblehead, Massachusetts, in the District of Massachusetts, and elsewhere, the defendant,

### ZEON JOHNSON,

being a United States Postal Service employee, did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to his use, any money and thing of value of the United States and of any department and agency thereof, to wit the United States Postal Service, in a total amount greater than $1,000, namely, United States Postal Service money orders and cash paid by United States Postal Service customers for stamps, altogether having a value of approximately $18,260.72.

All in violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

9. Upon conviction of the offense in violation of Title 18, United States Code, Section 641, set forth in Count One, the defendant,

ZEON JOHNSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following asset:

    a. $18,260.72, in the form of a forfeiture money judgment.

10. If any of the property described in Paragraph 9, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 9 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
EUGENIA M. CARRIS
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: MAY __3__, 2022
Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK